# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00612-CV

---

**Bryan Harris, Appellant**

**v.**

**Joseph M. Okpegbue, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-25-004504, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Bryan Harris, proceeding pro se, appeals the county court's judgment finding him liable for forcible detainer of commercial property that he had leased from appellee Joseph M. Okpegbue. The judgment awarded Okpegbue possession of the leased premises, unpaid rent, and court costs. We will affirm the judgment.

## BACKGROUND

Okpegbue owns 5209 Manor Road Unit B. In 2021, he leased the property to Harris for an initial two-year term and then, after that term ended in April 2023, on a month-to-month holdover basis. On March 21, 2025, Okpegbue provided Harris with 30 days' notice of the termination of Harris's right to lease the property. However, Harris did not vacate the premises, and after Okpegbue sent Harris a final notice letter to no avail, Okpegbue filed an eviction suit in justice court on May 27, 2025. The justice court rendered a default judgment for Okpegbue, and Harris appealed to the county court.

On August 13, the parties tried the de novo appeal to the bench, and Okpegbue and Harris were the only witnesses to testify. Okpegbue testified that Harris had paid rent for June and July which he deposited into the court's registry but had not paid rent for May or August. Harris agreed that he had received the notice to vacate the premises but had not left the property because he had not found a new location for his business. The county court found that Okpegbue was entitled to possession of the premises, that Harris owed $5,000 in past-due rent (which was offset by $2,500 in the court's registry), and that Harris was to pay court costs. The final judgment set a $2,500 supersedeas bond with $1,250 monthly payments, but Harris did not file the bond.

**DISCUSSION**

Harris raises four issues on appeal. In his first and second issues, he challenges the execution of the writ of possession while this appeal was pending. He contends that the county court lacked jurisdiction to issue the writ once he filed his notice of appeal. However, "[t]he issuance of a writ of possession is a ministerial act not subject to review or delay." Tex. Prop. Code § 24.0061(b-1); *see id.* § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."); *Almon v. Skyline Terrace Apartments*, No. 03-18-00102-CV, 2018 WL 6615626, at *2 (Tex. App.—Austin Dec. 18, 2018, no pet.) (mem. op.) (noting in appeal from residential eviction that failure to supersede forcible-detainer judgment subjects judgment to enforcement, including issuance and execution of writ of possession). Here, the county court's determination on the issue of possession is unappealable because the premises were used for commercial purposes. *See* Tex. Prop. Code § 24.007 ("A final judgment of a county court in an eviction suit may not be appealed on the issue

2

of possession unless the premises in question are being used for residential purposes only."). To the extent that Harris challenges the issue of possession, we lack appellate jurisdiction to consider it and dismiss this part of his appeal for want of jurisdiction. *See id.*

In his third and fourth issues, Harris maintains that his appeal is not moot because Okpegbue's "post-execution conduct—including continued withholding and alleged use of Appellant's property—has given rise to independent claims for conversion and statutory interference now pending in the district court." However, these issues were not raised in the court below and thus were not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1). And in any event, "[t]he only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Auth. of S.A.*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* Tex. R. Civ. P. 510.6(f) ("Counterclaims . . . are not permitted in eviction cases."). While there are other limited non-possession-related issues that may be decided as part of a forcible-detainer action, like a claim for unpaid rent, *see* Tex. R. Civ. P. 510.6(e), Harris has not challenged the award of past-due rent or court costs. We overrule Harris's third and fourth issues.

## CONCLUSION

We affirm the final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed: July 23, 2026

3